# THE STATE OF SOUTH CAROLINA
## In The Supreme Court

In the Matter of Michael Demorris Brown, Respondent.

Appellate Case No. 2025-002309

Opinion No. 28349
Submitted July 16, 2026 – Filed August 12, 2026

## DEFINITE SUSPENSION

Disciplinary Counsel William M. Blitch, Jr. and
Assistant Disciplinary Counsel Phylicia Y. Coleman,
both of Columbia, for the Office of Disciplinary Counsel.

Barbara Marie Seymour, of Clawson & Staubes, LLC, of
Columbia, for Respondent.

**PER CURIAM:**   In this attorney disciplinary matter, Respondent and the Office
of Disciplinary Counsel (ODC) have entered into an Agreement for Discipline by
Consent (Agreement) pursuant to Rule 21 of the Rules for Lawyer Disciplinary
Enforcement (RLDE) contained in Rule 413 of the South Carolina Appellate Court
Rules (SCACR).[1]  In the Agreement, Respondent admits misconduct and consents
to the imposition of a public reprimand or a definite suspension not to exceed one
year.  We accept the Agreement and suspend Respondent from the practice of law
in this state for one year.

---

[1] In January 2025, ODC filed formal charges regarding this matter.  Because
Respondent failed to answer the formal charges, the allegations were deemed
admitted, and a default order was issued in April 2025.  *See* Rule 24(a), RLDE,
Rule 413, SCACR.  Respondent and ODC subsequently entered into the
Agreement.

# I.

Respondent was admitted to practice in 2002. This Agreement resolves four disciplinary complaints filed with ODC between 2022 and 2024. The facts, as set forth in the Agreement, are as follows.

## *Matter A*

On November 7, 2022, ODC sent Respondent a Notice of Investigation (Notice) to his primary mailing and email addresses as provided in the Attorney Information System (AIS). The Notice required a response by November 22, 2022.

On December 13, 2022, Respondent informed ODC that his law firm's email address, which he had listed as his primary email address in AIS, had been compromised. That same day, ODC resent the Notice to Respondent to another email address Respondent provided and granted Respondent an extension, thereby making Respondent's response due December 22, 2022.

Respondent failed to submit a written response to the Notice by the December 22, 2022 deadline. In response, on January 3, 2023, ODC served Respondent a letter pursuant to *In re Treacy*, 277 S.C. 514, 290 S.E.2d 240 (1982) via certified mail to Respondent's address in AIS. The certified mail receipt was signed by someone at Respondent's AIS address, evidencing receipt of the letter. Respondent failed to submit a written response to the Notice despite receiving the *Treacy* letter.

On the morning of May 8, 2023, Respondent submitted his written response to the Notice. Later that day, he appeared before ODC for an interview pursuant to Rule 19, RLDE, Rule 413, SCACR (Rule 19 Interview). At that Rule 19 Interview, Respondent testified he responded to ODC by email regarding this matter in December 2022 and January 2023.

On May 9, 2023, ODC requested via email that Respondent submit copies of the emails he testified as having sent to ODC in December 2022 and January 2023. On May 22, 2023, ODC followed up with another request for these emails via a telephone conversation with Respondent as well as another email. Despite ODC's requests, Respondent never provided copies of the emails he purportedly sent to ODC.

As of May 8, 2023, Respondent still listed his previous law firm's address as his mailing address in AIS, and Respondent failed to regularly check his mail at this

address.

Respondent admits that his conduct violated Rule 8.1(b), RPC, Rule 407, SCACR (prohibiting a lawyer from knowingly failing to respond to a lawful demand for information from a disciplinary authority).

*Matter B*

In or around 2020, Respondent filed a lawsuit on behalf of Client 1. This filing was rejected by the Spartanburg County Clerk of Court, who notified Respondent that the filing was rejected in error and that it would be accepted if it was refiled.

Respondent failed to follow up with the Spartanburg County Clerk of Court regarding the error or refiling. Respondent took no further action regarding Client 1's lawsuit: he never refiled the lawsuit on Client 1's behalf, he never signed a substitution of counsel order, he never informed the court he was no longer representing Client 1, and he never informed Client 1 that he was no longer representing him in the lawsuit.

On January 27, 2023, ODC sent Respondent a Notice to both his primary mailing address and his email address in AIS. The Notice required Respondent to respond by February 13, 2023.

On March 2, 2023, ODC sent Respondent a letter by U.S. mail to his primary mailing address in AIS after receiving no response to the Notice. In the letter, ODC reminded Respondent that his response was overdue. This letter requested that Respondent respond to the January 27, 2023 Notice by March 17, 2023. Respondent failed to respond timely.

On April 3, 2023, ODC served Respondent with a *Treacy* letter at his primary mailing address in AIS, which was returned as unclaimed on May 11, 2023.

On May 8, 2023, Respondent appeared before ODC for a Rule 19 Interview, at which time he testified that he attempted to respond to ODC three months prior. During the interview, ODC reminded Respondent that he must submit a written response to the January 27, 2023 Notice. The next day, ODC again reminded Respondent, this time by email, of his obligation to submit a written response to the Notice despite appearing at the Rule 19 Interview. ODC gave Respondent until May 19, 2023, to respond, and he submitted his response to the Notice on May 23, 2023.

On June 12, 2023, ODC sent a Supplemental Notice of Investigation (Supplemental Notice) to Respondent to the mailing address as well as both the primary and secondary email addresses provided in AIS. Respondent was given until June 27, 2023, to respond to the Supplemental Notice.

On July 17, 2023, Respondent appeared before ODC for a second Rule 19 Interview, at which time ODC reminded him of his obligation to provide a written response to the Supplemental Notice. During the interview, Respondent testified that he was using the email listed as his secondary email address in AIS as his primary email to receive court notices.

On July 28, 2023, ODC received Respondent's response to the Supplemental Notice.

On August 8, 2023, a second Supplemental Notice was emailed to Respondent's secondary email address in AIS, with a response due by August 17, 2023. When Respondent failed to respond by the deadline, ODC emailed Respondent about the overdue response and requested that he respond to the second Supplemental Notice by September 5, 2023. ODC received Respondent's response to the second Supplemental Notice on September 6, 2023.

Respondent admits that his conduct violated the following provisions of the Rules of Professional Conduct, Rule 407, SCACR: Rule 1.1 (requiring competence); Rule 1.3 (requiring diligence); Rule 8.1(b) (prohibiting a lawyer from knowingly failing to respond to a lawful demand for information from a disciplinary authority); and Rule 1.16(d) (requiring a lawyer to take reasonable steps to protect a client's interests upon termination of representation).

*Matter C*

On January 30, 2023, ODC sent a Notice to Respondent's primary AIS mail address as well as his primary AIS email address, with Respondent being required to respond by February 14, 2023.

On March 2, 2023, ODC mailed Respondent a reminder letter to his primary AIS mailing address requesting a response to the Notice.

On April 3, 2023, ODC served Respondent with a *Treacy* letter that was sent via certified mail to his primary AIS mailing address; this letter was returned to ODC

as unclaimed on May 11, 2023.

On the morning of May 8, 2023, ODC received Respondent's written response to the Notice.  Later that day, he appeared before ODC for a Rule 19 Interview.

Respondent admits that his conduct violated Rule 8.1(b), RPC, Rule 407, SCACR (prohibiting a lawyer from knowingly failing to respond to a lawful demand for information from a disciplinary authority).

*Matter D*

On December 4, 2019, Respondent entered an appearance of counsel for Client 2 with respect to a post-conviction relief (PCR) evidentiary hearing.

Respondent failed to inform Client 2 that his PCR application was denied and dismissed with prejudice on September 6, 2023.

ODC sent Respondent a Notice on May 30, 2024, to his primary AIS mailing address and emailed the same to his primary email address in AIS.[2]  Respondent was required to respond to the Notice by June 14, 2024.

On June 27, 2024, after receiving no response to the Notice, ODC emailed Respondent a reminder letter to his primary AIS email address requesting a response.  On August 1, 2024, ODC emailed a second reminder letter to Respondent at his primary AIS email address again requesting a response to the Notice.

On August 12, 2024, ODC served Respondent with a *Treacy* letter at his primary AIS mailing address, with a response being due by August 17, 2024.

Respondent never responded to the Notice.

Respondent admits that his conduct violated the following provisions of the Rules of Professional Conduct, Rule 407, SCACR: Rule 1.4(a)(3) (requiring that a lawyer keep his client reasonably informed about the matter's status); Rule 8.1(b) (prohibiting a lawyer from knowingly failing to respond to a lawful demand for

---

[2] At some point after his July 2023 interview, Respondent updated his mailing and email addresses in AIS. ODC mailed and emailed this Notice, subsequent reminders, and a *Treacy* letter in this matter to these updated addresses.

information from a disciplinary authority); and Rule 8.4(a) (stating that it is professional misconduct for a lawyer to violate the Rules of Professional Conduct).

## II.

Respondent admits he violated the following Rules for Lawyer Disciplinary Enforcement, Rule 413, SCACR: Rule 7(a)(1) (providing a violation of the Rules of Professional Conduct is a ground for discipline); and Rule 7(a)(3)(providing that knowingly failing to respond to a lawful demand from a disciplinary authority is a ground for discipline).

Respondent admits misconduct and agrees to the imposition of a public reprimand or a definite suspension of up to one year. Respondent also agrees to pay the investigative and prosecutorial costs in this matter within thirty days of being disciplined and to complete the Legal Ethics and Practice Program Ethics School within one year of being disciplined or reinstated, if suspended.

Respondent's disciplinary history includes a 2012 confidential admonition[3] and a 2018 public reprimand.[4]

In his affidavit in mitigation, Respondent accepts responsibility for the lack of communication with ODC and acknowledges his history of unresponsiveness. He states that because he travels frequently in his role as executive director of a non-profit organization, he was unable to review his physical mail, and that he has a "historical problem with maintaining a consistent system for retrieving and processing ODC communications, particularly those sent via email." Additionally, in seeking a lighter sanction, Respondent emphasizes his non-profit organization's role in the community and his dedication to those in his community through a number of positions he has held. Respondent also attributes his unresponsiveness,

---

[3] The 2012 confidential admonition cited Rule 8.1(b), RPC, Rule 407, SCACR (prohibiting a lawyer from knowingly failing to respond to a lawful demand for information from a disciplinary authority).

[4] *See In re Brown*, 425 S.C. 336, 821 S.E.2d 919 (2018) (publicly reprimanding Respondent for providing late responses to initial inquiries in ten disciplinary investigations and for failing to communicate with clients in a timely manner). In addition to being publicly reprimanded and being required to pay investigative and prosecutorial costs, Respondent was ordered to complete the Legal Ethics and Practice Program Ethics School.

in part, to personal issues he has faced, including the tragic loss of a close friend. Finally, five individuals submitted character letters speaking to Respondent's good character and commitment to public service. The letters highlight Respondent's commitment to bettering the community, whether through non-profit work, youth mentorship, or other activities, as well as his dedication to his family.

## III.

Although we find Respondent's reasons for being unresponsive to ODC not persuasive, we recognize Respondent's substantial contributions to his community and the personal issues he has faced. Even so, we cannot overlook or minimize Respondent's misconduct in this matter, as effective regulation of the legal profession in this state requires attorneys to submit to and participate in the disciplinary process. *See* Rule 1, RLDE, Rule 413, SCACR ("The regulation of the conduct of lawyers is critical to preserving the integrity of the legal profession and enhancing public confidence in the judicial system.") Accordingly, we find a one-year definite suspension is appropriate in this matter in light of Respondent's prior disciplinary history for similar misconduct coupled with other instances of sanctionable conduct. *See In re Atwater*, 385 S.C. 257, 684 S.E.2d 557 (2009) (suspending an attorney for six months who had been publicly reprimanded previously for failing to respond to ODC but noting that the suspension would have been longer had the attorney committed other instances of sanctionable conduct).

Within thirty days, Respondent shall pay the costs incurred in the investigation and prosecution of this matter by ODC and the Commission. Within one year of being reinstated, Respondent shall complete the Legal Ethics and Practice Program Ethics School and shall provide proof of completion no later than ten days after the conclusion of the program. Within fifteen days of the date of this opinion, Respondent shall file an affidavit with the Clerk of Court showing that he has complied with Rule 30, RLDE, 413, SCACR.

**DEFINITE SUSPENSION.**

**KITTREDGE, C.J, JAMES, HILL and VERDIN, JJ., concur.**